

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**JEFFREY NOLL**
*Assistant Corporation Counsel*
jnoll@law.nyc.gov
Phone: (212) 356-2617

June 17, 2025

**By ECF**
Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  *Jaylen Appling, et al. v. City of New York, et al.*, 25-cv-2908 (NRB)(KHP)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and attorney for Defendant City in the above-reference matter. Defendant City writes, with the consent of Plaintiff's counsel, Wylie Stecklow, Esq., to request a sixty (60) day stay of this case, from June 30, 2025 until August 29, 2025, because the investigations by the Civilian Complaint Review Board ("CCRB") related to multiple incidents alleged in the complaint are currently pending; and, the parties jointly request that the Court refer this matter to Magistrate Judge Katharine H. Parker, the assigned magistrate judge designated to handle matters that may be referred in this case, for a settlement conference to be scheduled for a time convenient to the Court during the pendency of the stay.

    By way of background, Plaintiffs Jaylen Appling and J.M., a minor by their parent and guardian, Ely Torres, allege in their complaint that they were stopped without cause on multiple dates ranging from December 23, 2023 to July 4, 2024. They claim that they were unlawfully stopped, searched and subjected to excessive force during their detentions. Plaintiffs bring federal and state law claims of false arrest, excessive force, federal claims of failure to intervene and municipal liability, and supplemental state law and NYC Administrative code claims.

    As an initial matter, this Office is informed that CCRB has pending investigations for the alleged incidents occurring on December 13, 2023, May 30, 2024, and July 4, 2024. The individual defendant New York City Police Department ("NYPD") police officers are subjects in the pending investigations.

    Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos*,

790 F.2d 1050, 1057 (2d Cir. 1986); *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. *See, e.g., Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal quotation marks and citations omitted). Here, a stay is warranted because of the open CCRB investigations.

I. *The Multiple Pending CCRB Investigations Into Several Alleged Incidents Justify a Stay of the Instant Civil Case*

The instant matter should be stayed pending the outcome of the investigations by CCRB. First, this Office will be unable to assume representation of the named individual defendants until the CCRB investigations have concluded and a disposition has been rendered by NYPD. *See Mercurio v. City of New York, et. al.*, 758 F.2d 862, 864-65 (2d. Cir. 1985) ("The Corporation Counsel may represent individual defendants in such matters, if he determines that no violation of any rule or regulation of the employing city agency has occurred, or if disciplinary proceedings resulted in the exoneration of the employee.") (citing N.Y. Gen. Mun. Law § 50-k(2), (5)).

Second, if this Office assumes representation of the individual officers and it later turns out that they were ineligible for representation because, for example, an agency investigation results in a finding that there was some violation of an agency rule or regulation, this Office's representation of both the City and the individual officers could give rise to a conflict of interest causing the undersigned, and the entire Special Federal Litigation Division, to potentially be conflicted off of the case. Such a result would cause a significant and undue expenditure of time and resources. For this same reason, this Office should not interview the officers in question, as is required under Gen. Mun. Law § 50-k, to determine their eligibility for representation, until the CCRB proceedings are complete. Consequently, a stay of this matter will save resources and reduce the risk that conflicts will arise later in the litigation.

Third, information and documents generated by CCRB in connection with the investigation will be unavailable to the parties during the pendency of the investigation as they are protected from disclosure by the law enforcement privilege which was created to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *National Congress for Puerto Rican Rights v. City of New York, et. al.*, No. 99 Civ. 1695 (SAS), 2000 U.S. Dist. LEXIS 4448, **6 (S.D.N.Y. April 7, 2000) (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted)).[1] Thus, information that may only be found in the CCRB investigation file will not be available for review to respond to the complaint or assess the case, until after the investigation is completed.

Finally, Plaintiffs will not be prejudiced if the Court grants this request for a stay since the documents relevant to the case will have been obtained and preserved by the CCRB during their investigation. *See, e.g., Rosenthal v. Giuliani*, No. 98 Civ. 8408, 2001 U.S. Dist. LEXIS 1207, at

---

[1] These documents are also likely to be subject to the deliberative process privilege until a final resolution is rendered.

*6 (S.D.N.Y. Feb. 6, 2001) (holding a stay in the action would streamline later civil discovery where transcripts from a criminal case would be available to civil parties).

Moreover, Courts in this Circuit have repeatedly stayed civil cases pending open disciplinary investigations. *See, e.g., Estate of Richards v. City of New York, et. al.*, 18 Civ. 11287 (PAE), Civil Docket ¶¶ 8, 10 (S.D.N.Y. Jan. 22 & 29, 2019) (granting stay while NYPD Force Investigation Division investigation pending)*; Lloyd v. Castillo, et. al.*, 15 Civ. 8273 (RA) (DCF), Civil Docket ¶ 31 (S.D.N.Y. Feb. 3, 2017) (granting stay where plaintiff had filed a CCRB investigation mid-way through the civil action and directing defense counsel to provide a status report in 90 days); *Felix v. City of New York*, No. 16-CV-5845 (AJN), 2016 U.S. Dist. LEXIS 120000 (S.D.N.Y Sept. 6, 2016); *Jones v. City of New York, et. al.*, 14-CV-2094 (ENV) (JMA), Civil Docket ¶ (E.D.N.Y. May 16, 2014) (granting a stay while pending the resolution of CCRB proceedings).

II. *The Parties Request that the Court Refer the Case to Magistrate Judge Katharine H. Parker for a Settlement Conference*

After conferring, the parties jointly believe that an early settlement conference would be beneficial in reaching a resolution of this matter. As such, during the interim of the requested stay, the parties respectfully request that the Court refers this matter to Magistrate Judge Katharine H. Parker for settlement purposes so that a settlement conference can be scheduled during the coming months.

Based on the foregoing, the City respectfully requests that the Court: (1) stay the instant matter for sixty (60 day in its entirety, (2) adjourn *sine die* all deadlines in this case, until the conclusion of the requested stay; and (3) the parties jointly request that the Court refers this matter for a settlement conference before Magistrate Judge Katherine H. Park.

Thank you for your consideration of this request.

Respectfully submitted,

/s/ *Jeffrey Noll*
Assistant Corporation Counsel
Special Federal Litigation Division

CC: All Counsel by ECF